IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA NICOLE SHUBERT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5523 |
| | : | |
| MODIVCARE CALL CENTER PENNSYLVANIA, | : | |
| | : | |
|     Defendant. | : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                           **OCTOBER 22, 2024**

Plaintiff Alicia Nicole Shubert filed this civil action against Modivcare Call Center Pennsylvania. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Shubert leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her filing an Amended Complaint that clarifies the factual basis for her claims.

## I.    ALLEGATIONS

Shubert filed a one-page complaint using a form "civil complaint" for filing in state court. (ECF No. 2, "Compl.", at 1.) She seeks a judgment in the amount of $1,900,000,000.00 based on the following allegations:

> Discrimination based on race, disability, ethnicity, & gender, unequal services. The above mentioned protected persons was denied services that had been previously provided. No reason had been given for denial of services. Plaintiff is currently receiving services from third party participant, which should make them eligible for medically necessary transportation through Modivcare.

(*Id.*) This comprises the totality of Shubert's factual and legal allegations against Modivcare.

## II. STANDARD OF REVIEW

The Court will grant Shubert leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Shubert's Complaint if it fails to state a claim. To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court

should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

**III.    DISCUSSION**

As noted above, the Federal Rules of Civil Procedure require a complaint to describe actions taken by the defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing.  *Garrett*, 938 F.3d at 93.  Here, the factual basis for Shubert's claims "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Although one could discern that Shubert is suing Modivcare for failing to provide transportation for her, the specific dates, times, circumstances, and other relevant details surrounding her interactions with Modivcare are absent from the Complaint.  Without these additional details, it is not clear what Modivcare is alleged to have done that violates the law.

Additionally, Shubert does not allege any facts from which it could be inferred that Modivcare's conduct was motivated by an intent to discriminate against her based on her race, ethnicity, gender, or disability (none of which she alleges).  Such factual details are necessary to state a basis for a discrimination claim.  *See generally Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (to state a claim for unlawful discrimination, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the

necessary element," *i.e.*, that she was discriminated against in violation of the law (quotations omitted)).  Shubert's conclusory assertions that Modivcare discriminated against her, without supporting facts, are nothing more than legal conclusions that are not entitled to any weight in determining whether she has stated a claim.  *See, e.g.*, *Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024) (in determining whether a complaint states a claim, "we disregard unsupported conclusions or legal conclusions couched as factual allegations").  In sum, even under the most liberal reading of the Complaint, Shubert has not alleged any plausible basis for a claim against Modivcare.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Shubert leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her filing an amended complaint.  If she files an amended complaint, Shubert should "flesh out [her] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [her] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  An appropriate Order follows, which provides further instruction as to amendment.

              **BY THE COURT:**

              **/s/ Wendy Beetlestone, J.**

              **WENDY BEETLESTONE, J.**