IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA NICOLE SHUBERT,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-5523 |
| MODIVCARE CALL CENTER<br>PENNSYLVANIA, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: |

<u>MEMORANDUM</u>

**BEETLESTONE, J.**                                                      **DECEMBER 2, 2024**

Currently before the Court is an Amended Complaint filed by Plaintiff Alicia Nicole Shubert against Modivcare Call Center and Modivcare's current and former Chief Executive Officers. (ECF No. 8.) For the following reasons, the Court will dismiss Shubert's Amended Complaint.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Shubert initiated this civil action by filing a truncated Complaint against Modivcare seeking $1.9 billion based on generalized allegations that she was denied services due to her "race, disability, ethnicity, & gender." (Compl. at 1.) In an October 22, 2024 Memorandum and Order, the Court granted Shubert leave to proceed *in forma pauperis* and dismissed her Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim. (ECF Nos. 5 & 6.) When dismissing Shubert's Complaint, the Court explained that "[a]lthough one could discern that Shubert is suing Modivcare for failing to provide transportation for her," she failed to provide sufficient factual detail about "the specific dates, times, circumstances, and other relevant details surrounding her interactions with Modivcare" in support of her claims. *Shubert v. Modivcare Call Ctr. Pa.*, No. 24-5523, 2024 WL 4543063, at

*2 (E.D. Pa. Oct. 22, 2024).  Additionally, Shubert failed to "allege any facts from which it could be inferred that Modivcare's conduct was motivated by an intent to discriminate against her based on her race, ethnicity, gender, or disability (none of which she allege[d])" as "necessary to state a basis for a discrimination claim."  *Id.*

Shubert was given leave to file an amended complaint, *id.*, which she did.  In her Amended Complaint, Shubert alleges that on March 1, 2024, she was "approved for Managed Care Behavioral Services," apparently through Wedge Recovery Center ("Wedge"), and that Wedge "reached out to Modivcare for transportation [services]," which Shubert began receiving in April 2024.  (Am. Compl. at 3.)  When subsequent applications for services were submitted to Modivcare on Shubert's behalf in June and August, the applications were denied.  (*Id.*)  The Court understands Shubert to be alleging that these denials were improper because "coverage for service is insurance based" and that "once service[] was started there is no need to get recertified, or reapply for benefits."  (*Id.*)

Based on those allegations, Shubert asserts claims for disability discrimination under the Americans with Disabilities Act, as well as claims under Title VI for discrimination based on race, color, national origin and "limited English proficiency."  (Am. Compl. at 2.)  Shubert asks the Court to "agree that [she] was wrongfully denied services," which has caused delays in her treatment as well as mental and emotional health consequences, and to award her $1.9 billion in damages.  (*Id.* at 4.)  Shubert attached to her Amended Complaint exhibits in the form of text messages pertaining to medical appointments and information pertaining to availability of benefits under Keystone First Community HealthChoices.  (*Id.* at 6-19.)

II.     STANDARD OF REVIEW

Since Shubert is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss her Amended Complaint if it fails to state a claim.  To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d

3

at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

**III.    DISCUSSION**

Shubert's Amended Complaint reflects her intention to bring claims for discrimination based on disability, race, color, national origin and "limited English proficiency" in violation of federal law.  (Am. Compl. at 2.)  In general, to state a claim for unlawful discrimination, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *i.e.*, that she was discriminated against in violation of the law.  *See generally Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted); *see also Weir v. Univ. of Pittsburgh*, No. 22-3392, 2023 WL 3773645, at *3 (3d Cir. June 2, 2023) (*per curiam*) (to state a claim under Title VI, a plaintiff must allege that the "actions taken against him were taken under circumstances giving rise to an inference of discrimination"); *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019) (explaining that, to state a claim under Title III of the ADA, which prevents disability discrimination by public accommodation, a plaintiff must allege that the defendant "unlawfully discriminated against him on the basis of his disability").  Liberally construing the Amended Complaint, the Court understands Shubert to be contending that once she was approved for Modivcare's transportation services through insurance in March or April, she was not required to reapply, rendering Modivcare's denial of services to her in June and August improper.  However, nothing about those allegations or Shubert's exhibits suggests in any way that Modivcare's denial of

services—whether improper or not pursuant to its business practices—was based on Shubert's disability, race, color, or national origin (all of which she again fails to specify) nor any limitations on her ability to speak English.

As previously explained to Shubert, "[s]uch factual details are necessary to state a basis for a discrimination claim" and "conclusory assertions that Modivcare discriminated against [Shubert], without supporting facts, are nothing more than legal conclusions that are not entitled to any weight in determining whether she has stated a claim." *Shubert*, 2024 WL 4543063, at *2 (citing *Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024) (in determining whether a complaint states a claim, "we disregard unsupported conclusions or legal conclusions couched as factual allegations")); *see also Mouzone v. New Jersey Motor Vehicle Comm'n*, No. 22-2886, 2023 WL 5624184, at *1 (3d Cir. Aug. 31, 2023) (*per curiam*) ("Nor did Mouzone state a viable claim under Title VI, for he did not allege facts demonstrating that he was discriminated against on the basis of his race, color, or national origin."); *Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 944, 950 (3d Cir. 2019) (*per curiam*) (affirming dismissal of ADA claim where plaintiff did not allege that defendants excluded him from participation "because of his disability as required"). In sum, even under the most liberal reading of the Amended Complaint, Shubert has not alleged any plausible basis for a federal discrimination claim against Modivcare or its past and present Chief Executive Officers (against whom there are no allegations at all).

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss Shubert's Amended Complaint. The Court concludes that further amendment of Shubert's federal discrimination claims would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to

tell his story"). However, in an abundance of caution, to the extent Shubert's Amended Complaint can be construed as raising any claims under state law, those claims will be dismissed without prejudice to Shubert raising those claims in state court should she choose to do so.[1] An Order follows, which dismisses this case.

**BY THE COURT:**

**/S/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

---

[1] Neither Shubert's Complaint nor her Amended Complaint suggest any basis for the Court to exercise jurisdiction over any state law claims. *See* 28 U.S.C. § 1332. The Court expresses no opinion on the merits of any state law claims Shubert might seek to bring in state court.